KENNEDY ET AL., APPELLANTS, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Recording a Deed with Curable Defect.

No. 394.—Decided December 18, 1918.

RECORD OF TITLE—SEGREGATION—DESCRIPTION OF PRINCIPAL ESTATE—CURABLE DEFECT.—It is a curable defect not to describe in the deed presented for record the principal estate from which the lot to be recorded was segregated, although the principal estate is the remainder of other estates from which it was likewise segregated.

The facts are stated in the opinion.
*Mr. Eduardo López Tizol* for the appellants.

The respondent appeared *pro se.*

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Benjamín E. de Sola and his wife sold to Anna Theresa Kennedy de Bishop a lot containing 774.60 square meters.

The deed recited that vendors were the owners of a property of 57,076 square meters, describing it, from which 11,279 meters, 34 centimeters, had been segregated and sold to Waldemar Hepp; that another portion of 22,645 meters, 13 centimeters, had been set apart and a one-third interest therein had likewise been conveyed to Hepp, and that the lot conveyed to Mrs. Bishop was taken from the remainder of the original tract.

Appellant complains of a curable defect noted in recording the deed to the lot first above-mentioned, to wit, that "the remainder from which the segregation subject of the entry is made had not been described by area and bounds."

The case of *Cadilla* v. *Registrar of Property,* 19 P. R. R., 77, disposes of the question as follows:

"The instrument presented in the registry of property does not give a description of the principal estate from which the lot granted to the appellant Cadilla in usufruct was segregated, and although the data given is sufficient to enable the registrar to identify the same on his books, nevertheless this is not sufficient and constitutes a curable defect because the description of the property must be set forth in the instrument presented for record, as already decided by this court in *Franceschi* v. *Registrar of Property,* 13 P. R. R. 221, and by the General Directorate of Registries on November 20, 1889, and December 1, 1892."

Appellant confuses the "principal estate" from which the lot in question was segregated with the original tract from which the earlier segregations were made. Here, the "principal estate" is the parcel of land title to which remained exclusively in the vendors after the two conveyances to Hepp.

Otherwise it would have been equally unnecessary to describe the parcel of 57,076 square meters, itself the remainder of another tract of 17.31 *cuerdas,* which in turn might have

been the remainder of a third larger tract, the original remainder in a conceivable case being what was left of the Island of Porto Rico after the first grant by the Crown to an individual. On the other hand, the conveyance to Mrs. Bishop seems to be but the beginning of another series of further small segregations and sales, each, of course, leaving its own individual successive "remainder."

Obviously the adoption of appellant's theory would breed complications and speedily bring about the endless confusion that the rule invoked by the registrar was wisely designed to prevent.

The ruling appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.